IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY S. DAVIS,

    Petitioner,

    v.

ALLEN/OAKWOOD
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:15-cv-02935
JUDGE ALGENON L. MARBLEY
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the *Petition*, ECF No. 1, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d).

This case involves Petitioner's September 18, 1985 conviction, pursuant to his guilty plea in the Franklin County Court of Common Pleas, for theft. The trial court imposed a sentence of one and one-half years' incarceration. Petitioner did not file an appeal from that conviction. However, he indicates that, in February 2015, he filed a petition for a writ of habeas corpus in the Ohio Supreme Court alleging that his sentence has completely expired but that the Ohio Department of Rehabilitation and Correction ("ODRC") refuses to release him.

The *Petition* was filed on September 24, 2015.[1] Petitioner alleges that the ODRC continues to hold him beyond the expiration of his sentence:

> Thirty (30) days after the Franklin County, Ohio Court of Common Pleas entered judgment against, and sentenced Petitioner on the offense committed, an employee of the Ohio Dept. of Rehabilitation and Correction looked at the sentencing entry and made the determination that the Court had erred in failing to run the sentence consecutive to the other sentence Petitioner had pending and she decided to run the sentence consecutive herself.

*Petition*, PageID# 6.[2]

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[1] On October 22, 2015, the case was transferred to this Court from the United States District Court for the Northern District of Ohio. *Order,* ECF No. 4.

[2] Petitioner does not challenge the constitutionality of his underlying conviction. "[Section] 2254 allows state prisoners to collaterally attack either the imposition or the execution of their sentences." *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006).

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  It is subsection (D) of the statute that applies to Petitioner's claim.  "Sixth *See Bachman v. Bagley*, 487 F.3d 979, 984 (6th Cir. 2007)("[C]ourts determine the beginning of the one-year statute of limitations period based on the content of the prisoner's claim.") ; *see also Ali v. Tennessee Board of Pardon and Parole*, 431 F.3d 896 (6th Cir. 2005) (applying § 2244(d)(1)(D) to a petitioner's challenge to the denial of his release on parole).

Under 28 U.S.C. § 2244(d)(1)(D), a petitioner must file his habeas corpus petition one year from the date that his claim "could have been discovered through the exercise of due diligence."  The question is not when a prisoner first learns of the factual predicate for his claim, but rather when he should have learned of it had he exercised reasonable care.  *Townsend v. Lafler,* 99 F. App'x 606, 608 (6th Cir. 2004) (citations omitted).  "Section 2244(d)(1)(D). . . does not convey a statutory right to an extended delay while a habeas petitioner gathers evidence that might support a claim."  *Brooks v. McKee*, 307 F. Supp. 2d 902, 906 (E.D. Mich. 2004) (citation omitted).  It is the petitioner's burden to establish that he exercised due diligence in searching for the factual predicate for his habeas corpus claim.  *Redmond v. Jackson*, 295 F.Supp.2d 767, 772 (E.D. Mich. 2008)(citing *Stokes v. Leonard,* 36 F. App'x 801, 804 (6th Cir. 2002)).

Petitioner has failed to carry this burden.  He states that he "sent letters with entries, to the Bureau of Sentence Computation and Records Management attempting to resolve the

3

miscalculation" of his sentence. *Petition,* PageID# 8. He contends that the one-year statute of limitations does not apply because he learned that he was being detained beyond the expiration of his sentence only when he went before the parole board "and received a continuance far beyond the amount of time that I should have had remaining on the lawful sentence imposed." Id. at PageID# 13-14. Petitioner thereupon filed a petition for a writ of habeas corpus in the Ohio Supreme Court. *Id.* The claim asserted in this action is that Petitioner is being held beyond the expiration of a 1 ½ year sentence that was imposed in 1985. Petitioner should have discovered the factual basis of this claim long before February 2015, when he filed the petition for a writ of habeas corpus in the Ohio Supreme Court. Petitioner offers no information as to the date on which he first appeared before the parole board, or why it took him nearly thirty years to learn that the ODRC continued to hold him on this sentence. Significantly, Petitioner alleges that an ODRC employee made an error in connection with his sentence thirty days after the imposition of that sentence.

In view of the foregoing, this Court concludes that the habeas corpus petition cannot be deemed to have been timely filed. *See Eberle v. Warden, Mansfield Correctional Inst.,* 532 F. App'x 605, 611 (6th Cir. 2013) (a failure to explain the delay will not establish due diligence); *McSwain v. Davis*, 287 F. App'x 450, 454 (6th Cir. 2008) (where record was silent as to reasons that the petitioner did not discover the factual predicate for his claim, he failed to meet his burden of establishing due diligence).

Because this case involves a conviction imposed prior to the effective date of the AEDPA, Petitioner had one year from that date, or until April 24, 1997, within which to file this habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Yet Petitioner

waited more than eighteen years to file this action. Under these circumstances, this action was not timely filed.

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                      *s/ Norah McCann King*
                                      Norah McCann King
                                      United States Magistrate Judge
                                      November 6, 2015