IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY S. DAVIS,

    Petitioner,

v.

                                      Case No. 2:15-cv-02935
                                      Judge Marbley
                                      Magistrate Judge King

ALLEN/OAKWOOD
CORRECTIONAL INSTITUTION,

    Respondent.

## ORDER

On November 6, 2015, the Magistrate Judge recommended that the *Petition* be dismissed as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d). *Report and Recommendation* (ECF No. 7). Petitioner objects to that recommendation. *Objection* (ECF No. 10). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 10) is **OVERRULED**. The *Report and Recommendation* (ECF No. 7) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** as untimely.

Petitioner's request for a certificate of appealability is **DENIED**.

This case was originally filed in the Northern District of Ohio and was thereafter transferred to this Court. *Order* (ECF No. 3). Following that transfer, the Magistrate Judge reviewed the *Petition* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and recommended dismissal of the action as untimely. In his objections, Petitioner argues that the Magistrate Judge improperly reviewed the *Petition* under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts because the District Court for the Northern District Ohio had previously directed the Respondent to

1

answer the *Petition*.  *Objection,* PageID# 48-49.  Petitioner also insists that the action is timely because he exercised diligence in discovering the factual basis for his claim.

Petitioner's arguments are not persuasive.  Petitioner cites no authority for the proposition that this Court may not conduct its own Rule 4 preliminary review of the *Petition*. Further, none of the documents provided by Petitioner even suggest that he could not have, years before filing this action, discovered the factual basis for his claim that he is being illegally held beyond the one and one half year sentence imposed by the Franklin County Court of Common Pleas in 1985.  For these reasons, and those discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 10) is **OVERRULED.**

Petitioner also requests a certificate of appealability.  "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)  The petitioner must establish the substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where a court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*. This Court is not persuaded that Petitioner has met this standard and the Court declines to issue a certificate of appealability.

Petitioner's *Objection* (ECF No. 10) is **OVERRULED**. The *Report and Recommendation* (ECF No. 7) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** as untimely.

Petitioner's request for a certificate of appealability is **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this action.

        s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge